```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF MINNESOTA
                  Civil No. 07-4224(DSD/SRN)
```

Randy Craig Teinert,

       Plaintiff,

v.                                                    **ORDER**

Rachel K. Paulos,

       Defendant.

    Randy Craig Teinert, 17010 40th Place North, Plymouth, MN 55446, pro se.

    Cameron W. Hayden, Esq., U.S. Department of Justice, P.O. Box 699, Bismarck, ND 58502, counsel for defendant.

 

    This matter is before the court upon respondent's motion to dismiss. Based upon a review of the file and record, and for the following reasons, the court grants respondent's motion.

    Petitioner Randy Craig Teinert ("Teinert") filed this pro se action for declaratory and injunctive relief on October 11, 2007, against respondent Rachel K. Paulose ("Paulose"), then-United States Attorney for the District of Minnesota. Teinert, the apparent subject of a grand jury investigation, alleges grand jury abuse and requests that the court direct Paulose to "comply with the original intent of the indictment by grand jury clause of the Fifth Amendment ... [and to] declare 28 U.S.C. § 515(a) and Federal Rule of Criminal Procedure 6(d) unconstitutional." (Compl. at 16.)

Respondent moves to dismiss the petition pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(6) and 81(b) for lack of subject matter jurisdiction, lack of personal jurisdiction and failure to state a claim upon which relief may be granted.

Pursuant to Rule 12(b)(6), the court will dismiss a complaint for failing to state a claim upon which relief may be granted if, after taking all facts alleged in the complaint as true, it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief.  See Fed. R. Civ. P. 12(b)(6); Alpharma, Inc. v. Pennfield Oil Co., 411 F.3d 934, 937 (8th Cir. 2005).  Dismissal under Rule 12(b)(6) is only warranted "in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief."  Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir. 2004).

Rule 81(b) abolished the writ of mandamus in civil actions in federal district courts.  However, the Mandamus Act, 28 U.S.C. § 1361, provides that "[t]he district courts shall have original jurisdiction in any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Therefore, the court construes the petition as seeking relief under the Mandamus Act. "Mandamus may issue under section 1361 against an officer of the United States 'only when the plaintiff has a clear right to relief,

the defendant has a clear duty to perform the act in question, and the plaintiff has no adequate alternative remedy.'" <u>Longie v. Spirit Lake Tribe</u>, 400 F.3d 586, 591 (8th Cir. 2005) (quoting <u>Borntrager v. Stevas</u>, 772 F.2d 419, 420 (8th Cir. 1985)).

In this case, petitioner has demonstrated no clear right to relief because he admits that his constitutional rights have not yet been violated.[1] (<u>See</u> Pet'r Opp'n to Resp't Mot. to Dismiss at 1.) Moreover, Teinert has failed to identify any conduct by Paulose or her subordinates that infringed upon his constitutional rights or violated any clear duty. Finally, Federal Rule of Criminal Procedure 6(b) and the Jury Selection and Service Act ("Jury Act"), 28 U.S.C. §§ 1861-1878, provide an effective mechanism to challenge a grand jury indictment. Therefore, petitioner has an adequate alternative remedy. For these reasons, the court grants respondent's motion and dismisses Teinert's request for injunctive relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Respondent Rachel K. Paulose's motion to dismiss [Doc. No. 4] is granted; and

---

[1] This, alone, is enough to dismiss Teinert's claims, as he has no present case or controversy and no standing to maintain his claims. <u>See</u> U.S. Const. art. III, § 2; <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 559-60 (1992). If a plaintiff lacks standing, "the district court has no subject matter jurisdiction." <u>Faibisch v. Univ. of Minn.</u>, 304 F.3d 797, 801 (8th Cir. 2002).

    2.    Petitioner Randy Craig Teinert's petition for declaratory and injunctive relief [Doc. No. 1] is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 21, 2008

                                                       s/David S. Doty
                                                      David S. Doty, Judge
                                                      United States District Court